1  GIBSON, DUNN & CRUTCHER LLP
   WILLIAM D. CLASTER, SBN 70549
2    WClaster@gibsondunn.com
   MICHELE L. MARYOTT, SBN 191993
3    MMaryott@gibsondunn.com
   HEATHER D. HEARNE, SBN 254496
4    HHearne@gibsondunn.com
   3161 Michelson Drive
5  Irvine, California 92612-4412
   Telephone: (949) 451-3800
6  Facsimile: (949) 451-4220

7  Attorneys for Defendants
   MARIE CALLENDER PIE SHOPS, INC. and
8  PERKINS & MARIE CALLENDER'S, INC.

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12 | JAMIE MORSE, an individual; on behalf | **CASE NO. 09cv1305 JLS (POR)**
13 | of herself and on behalf of all persons | *[Consolidated with*
   | similarly situated, | *Case No. 10cv692 JLS (POR)]*
14 |
15 |                    Plaintiff, | **ANSWER OF PERKINS & MARIE**
   |                                | **CALLENDER'S, INC. AND MARIE**
16 |          v. | **CALLENDER PIE SHOPS, INC. TO**
   |                                | **PLAINTIFFS' CONSOLIDATED**
17 | MARIE CALLENDER PIE SHOPS, | **CLASS AND COLLECTIVE ACTION**
   | INC., a Delaware Company; and Does 1 | **COMPLAINT**
18 | to 10, |
19 |                                | Action Filed:   June 15, 2009
   |                    Defendant. | Trial Date: None Set
20 |
21 | KENNETH CORSINO, et al., | Action Filed:   August 4, 2009
   |                                | Trial Date:   None Set
22 |                    Plaintiffs, |
23 |          v. |
24 |
   | PERKINS & MARIE CALLENDER'S, |
25 | INC., MARIE CALLENDER PIE |
   | SHOPS, INC., and DOES 1 through 100, |
26 | inclusive, |
27 |                    Defendants. |
28 |

Gibson, Dunn &
Crutcher LLP

1       Defendants Perkins & Marie Callender's, Inc. ("Perkins") and Marie Callender

2   Pie Shops, Inc. ("Marie Callender's") (collectively "Defendants") respectfully submit

3   this Answer to Plaintiffs' Consolidated Class and Collective Action Complaint (the

4   "Complaint") as follows:

5                          **THE PARTIES**

6       1.    Defendants deny that Marie Callender's is a Delaware Corporation and

7   allege that it is incorporated in California.  Defendants allege that Perkins is a

8   Delaware Corporation with its headquarters in Tennessee and is the indirect parent

9   company of Marie Callender's.  Defendants admit that Perkins has one employee

10  located in California but deny that Perkins directly operates any restaurants in that

11  State and instead allege that Perkins separately owns, operates and franchises

12  restaurants outside of California.  Except as expressly denied, Defendants admit the

13  allegations in Paragraph 1.

14      2.    Defendants admit the allegations in Paragraph 2.

15      3.    Defendants admit the allegations in Paragraph 3.

16      4.    Defendants admit the allegations in Paragraph 4.

17      5.    Answering Paragraph 5, Defendants admit that Marie Callender's

18  business is generally the operation of restaurants and the sale and distribution of Marie

19  Callender's brand food.  Defendants further admit that Marie Callender's provides

20  Assistant Managers with general guidelines for restaurant operations and encourages

21  them to follow these guidelines in their supervisory role over the restaurant.

22  Defendants admit that "The Loop" is a document available to Assistant Managers to

23  use as a tool in their supervisory role over the restaurant.  Except as expressly

24  admitted, Defendants deny each and every allegation in Paragraph 5.

25      6.    Answering Paragraph 6, Defendants admit that Assistant Managers may

26  on occasion perform certain otherwise non-exempt tasks at various times during their

27  workday.  Defendants further admit that Marie Callender's provides Assistant

28  Managers with general guidelines for restaurant operations and encourages them to

follow these guidelines in their supervisory roles over the restaurant.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 6.

7.     Answering Paragraph 7, Defendants admit that Kitchen Managers were employed at certain Marie Callender's restaurants in California, though Defendants deny that the position of Kitchen Manager encompassed individuals employed in the positions of Food Production Supervisor and/or Food Production Manager, as those two positions were and are compensated on an hourly rather than salaried basis. Defendants further admit that individuals employed as Kitchen Managers may have worked more than eight (8) hours in a day or forty (40) hours in a workweek without receiving additional overtime compensation.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 7

8.     Answering Paragraph 8, Defendants admit that prior to July 27, 2009, Assistant Mangers and Kitchen Managers employed at Marie Callender's restaurants were compensated on a salaried basis and were not paid additional overtime compensation for hours worked in excess of eight (8) in a day or forty (40) in a workweek.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 8 .

9.     Answering Paragraph 9, Defendants admit that Assistant Managers and Kitchen Managers employed at Marie Callender's restaurants prior to July 27, 2009 were exempt, salaried employees.  Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10.     Answering Paragraph 10, Defendants admit that Plaintiff Jamie Morse was first employed by Marie Callender's in January 2005 as an hourly employee. Defendants deny that Jamie Morse became an Assistant Manager in December of 2005 and assert that she became an Assistant Manager on or around July of 2006. Defendants admit that Jamie Morse and was terminated on or around April of 2008. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 10.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)

11.     Answering Paragraph 11, Defendants admit that Plaintiff Kenneth Corsino was employed as an Assistant Manager in California by Marie Callender's during the Assistant Class Period, which Plaintiffs define as June 16, 2005 to July 26, 2009.  Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12.     Answering Paragraph 12, Defendants admit that Plaintiff Ricardo Sanchez was employed as an Assistant Manager in California by Marie Callender's during the Assistant Class Period, which Plaintiffs define as June 16, 2005 to July 26, 2009. Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13.     Answering Paragraph 13, Defendants admit that Plaintiff Jeremy Sullivan was employed as an Assistant Manager in California by Marie Callender's during the Assistant Class Period, which Plaintiffs define as June 16, 2005 to July 26, 2009. Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.     Answering Paragraph 14, Defendants admit that Plaintiff Benjamin Monroy was employed as an Assistant Manager in California by Marie Callender's during the Assistant Class Period, which Plaintiffs define as June 16, 2005 to July 26, 2009.  Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15.     Answering Paragraph 15, Defendants admit that Plaintiff Scott Martin was employed as an Assistant Manager in California by Marie Callender's during the Assistant Class Period, which Plaintiffs define as June 16, 2005 to July 26, 2009. Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16.     Answering Paragraph 16, Defendants admit that Plaintiff Jorge Herrera was employed as a Kitchen Manager in California by Marie Callender's during the Kitchen Class Period, which Plaintiffs define as August 4, 2005 to July 26, 2009. Except as expressly admitted, Defendants deny the allegations in Paragraph 16.

17.     Answering Paragraph 17, Defendants admit that Marie Callender's General Managers often set the work schedules for managers at the restaurants they supervise.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 17.

Gibson, Dunn &
Crutcher LLP

18.     Answering the allegations in Paragraph 18, Defendants admit that Assistant Managers and Kitchen Managers may have, prior to July 27, 2009, worked more than eight (8) hours in one day and/or more than forty (40) hours in a workweek without receiving additional overtime compensation.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 18.

19.     Answering the allegations in Paragraph 19, Defendants deny each and every allegation therein.

20.     The allegations in Paragraph 20 state conclusions of law and class allegations to which no response is required.  To the extent such a response is required, Defendants deny the allegations in Paragraph 20.

## THE CONDUCT

21.     Answering the allegations in Paragraph 21, Defendants admit that Assistant Managers and Kitchen Managers may have on occasion performed certain tasks such as greeting restaurant patrons, seating guests at various times during their workday or cooking, and admit that Assistant Managers and Kitchen Managers may have on occasion performed a task that may have involved physical demands such as walking, crouching and lifting.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 21.

22.     Answering the allegations in Paragraph 22, Defendants deny each and every allegation therein.

23.     Answering the allegations in Paragraph 23, Defendants deny each and every allegation therein.

24.     Defendants admit that Plaintiffs purport to bring this class action on behalf of themselves and (1) a Class of individuals who were employed by Marie Callender's in California in a position entitled "Assistant Manager" during the Assistant Class Period, and (2) a Class of individuals who were employed by Marie Callender's in California in a position entitled "Kitchen Manager" during the Kitchen Class Period.  Defendants further admit that Plaintiffs define the Assistant Class Period

Gibson, Dunn & Crutcher LLP

1   as the period beginning June 16, 2005 and ending July 26, 2009, and that Plaintiffs

2   define the Kitchen Class Period as the period beginning August 4, 2005 and ending

3   July 26, 2009.  Except as expressly admitted, Defendants deny the allegations in

4   Paragraph 24.

5        25.    Defendants admit that Plaintiffs and other putative class members, as

6   defined in the Complaint, worked in Marie Callender's California restaurants during

7   the Assistant and Kitchen Class Periods.  Defendants further admit that individuals

8   employed in Assistant Manager and/or Kitchen Manager positions may have worked

9   more than forty (40) hours in a workweek, eight (8) hours a day, and/or on the seventh

10  (7th) day of a workweek but deny that salaried, exempt employees are entitled to

11  additional "overtime" pay when they work more than forty (40) hours in any given

12  workweek or more than eight (8) hours in a day or on the seventh (7th) day of a

13  workweek.  Except as expressly admitted, Defendants deny each and every allegation

14  in Paragraph 25.

15       26.    The allegations in Paragraph 26 state conclusions of law and not

16  averments of facts for which an answer is required, but insofar as an answer may be

17  deemed to be required, Defendants deny each and every allegation therein.

18       27.    Answering Paragraph 27, Defendants admit that Plaintiffs and that the

19  putative classes of Assistant Managers and Kitchen Managers were classified and

20  treated by Marie Callender's as exempt at the time of hire and thereafter, until July 26,

21  2009.  The remaining allegations in Paragraph 27 state conclusions of law and not

22  averments of facts for which an answer is required, but insofar as an answer may be

23  deemed to be required, Defendants deny each and every allegation therein

24       28.    The allegations in Paragraph 28 state conclusions of law and not

25  averments of facts for which an answer is required, but insofar as an answer may be

26  deemed to be required, Defendants deny each and every allegation therein.

27

28

29.     The allegations in Paragraph 29 state conclusions of law and not averments of facts for which an answer is required, but insofar as an answer may be deemed to be required, Defendants deny each and every allegation therein

## THE CLASS

30.     The allegations in Paragraph 30 state conclusions of law and class allegations to which no response is required.  To the extent such a response is required, Defendants deny the allegations in Paragraph 30.

31.     Answering the allegations in Paragraph 31, Defendants deny each and every allegation therein.

32.     To the extent that the allegations in Paragraph 32 state conclusions of law and not averments of facts, no answer is required.  Insofar as an answer may be deemed to be required, Defendants deny each and every allegation therein.

33.     The allegations in Paragraph 33 state conclusions of law and not averments of facts for which an answer is required.  Insofar as an answer may be deemed to be required, Defendants deny each and every allegation therein.

34.     Defendants admit that the combined putative classes, as defined by Plaintiffs, number more than 100 members.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 34 .

35.     Answering Paragraph 35, Defendants deny each and every allegation therein.

36.     Answering Paragraph 36, Defendants deny each and every allegation therein.

37.     Answering Paragraph 37, Defendants deny each and every allegation therein.

38.     Answering Paragraph 38, Defendants admit that the combined putative classes, as defined by Plaintiffs, exceed 100 members, but deny that this action is appropriate for class action treatment.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 38.

Gibson, Dunn & Crutcher LLP

39.    Answering Paragraph 39, Defendants admit that Marie Callender's maintains records from which the Court can ascertain and identify employees by job title.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 39.

40.    Answering Paragraph 40, Defendants admit that currently all Assistant Managers are paid according to systematic payroll procedures and that all Assistant Managers and Kitchen Managers were classified as exempt from overtime wages and other labor laws during their respective class periods.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 40.

## JURISDICTION AND VENUE

41.    The allegations in Paragraph 41 state conclusions of law and not averments of facts for which an answer is required.  To the extent such a response is required, Defendants admit that the Court has jurisdiction over the matter as currently alleged and admit that Perkins is a citizen of a state other than California.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 41.

42.    The allegations in Paragraph 42 state conclusions of law and not averments of facts for which an answer is required.  To the extent such a response is required, Defendants deny that they committed wrongful conduct against members of the Classes in San Diego County, California.  Defendants admit that venue is proper to resolve Plaintiffs' claims.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 42.

## FIRST CAUSE OF ACTION

43.    Answering Paragraph 43, Defendants hereby incorporate the admissions, denials and allegations of Paragraphs 1 through 42 as if fully set forth herein.

44.    Defendants admit the allegations in Paragraph 44.

45.    Paragraph 45 contains conclusions of law and not averments of facts for which an answer is required.

46.    Defendants deny each and every allegation in Paragraph 46.

Gibson, Dunn & Crutcher LLP

47.     Defendants deny each and every allegation in Paragraph 47.

48.     Defendants deny each and every allegation in Paragraph 48.

49.     The allegations in Paragraph 49 state conclusions of law and not averments of facts for which an answer is required.  To the extent such a response is required, Defendants deny the allegations therein.

50.     Defendants deny each and every allegation in Paragraph 50.

## SECOND CAUSE OF ACTION

51.     Answering Paragraph 51, Defendants hereby incorporate the admissions, denials and allegations of Paragraphs 1 through 50 as if fully set forth herein.

52.     Paragraph 52 contains statements of law and not averments of fact for which an answer is required.

53.     Paragraph 53 contains statements of law and not averments of fact for which an answer is required.

54.     Paragraph 54 contains statements of law and not averments of fact for which an answer is required.

55.     Paragraph 55 contains statements of law and not averments of fact for which an answer is required.

56.     Paragraph 56 contains statements of law and not averments of fact for which an answer is required.

57.     Defendants deny each and every allegation in Paragraph 57.

58.     To the extent that Paragraph 58 contains statements of law and not averments of fact, no answer is required.  To the extent that a response is required, Defendants deny each and every factual allegation contained in Paragraph 58.

59.     To the extent that Paragraph 59 contains statements of law and not averments of fact, no answer is required.  To the extent that a response is required, Defendants deny each and every factual allegation contained in Paragraph 59.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)

60.     To the extent that Paragraph 60 contains statements of law and not averments of fact, no answer is required.  To the extent that a response is required, Defendants deny each and every factual allegation contained in Paragraph 60.

61.     To the extent that Paragraph 61 contains statements of law and not averments of fact, no answer is required.  To the extent such a response is required, Defendants admit the allegation in Paragraph 61.

62.     Paragraph 62 contains statements of law and not averments of fact for which an answer is required.  To the extent such a response is required, Defendants admit that the putative class members fail to meet the definition for the professional exemption.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 62.

63.     Answering Paragraph 63, Defendants admit that Plaintiffs and other Class members may have worked more than eight (8) hours in a workday and/or forty (40) hours in a workweek and/or on the seventh (7th) consecutive day of a workweek. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 63.

64.     Defendants admit that during the Class periods they did not pay Plaintiffs and other Class members additional overtime compensation for any hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, but deny that such persons were entitled to additional overtime compensation.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 64.

65.     Defendants deny each and every allegation in Paragraph 65.

66.     Defendants deny each and every allegation in Paragraph 66.

67.     Answering Paragraph 67, Defendants admit that Plaintiffs and other Class members request recovery of regular and overtime compensation as well as the assessment of statutory penalties against Defendants.  Defendants deny that Plaintiffs and other Class members are entitled to such recovery and penalties.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 67.

1    68.    Defendants deny each and every allegation in Paragraph 68.

2    **THIRD CAUSE OF ACTION**

3    69.    Answering Paragraph 69, Defendants hereby incorporate the admissions,

4    denials and allegations of Paragraphs 1 through 68 as if fully set forth herein.

5    70.    Paragraph 70 contains statements of law and not averments of fact for

6    which an answer is required.

7    71.    Paragraph 71 contains statements of law and not averments of fact for

8    which an answer is required.

9    72.    Paragraph 72 contains statements of law and not averments of fact for

10    which an answer is required.

11    73.    Paragraph 73 contains statements of law and not averments of fact for

12    which an answer is required.

13    74.    Defendants admit that some Plaintiffs and some putative Class members

14    have terminated their employment with Marie Callender's.  Except as expressly

15    admitted, Defendants deny each and every allegation in Paragraph 74.

16    75.    Answering Paragraph 75, Defendants admit that Plaintiffs and other Class

17    members demand the payment of penalties as well as an accounting and payment of

18    wages pursuant to the statutes cited in the Complaint.  Defendants deny that Plaintiffs

19    and other Class members are entitled to such payments and penalties.  Except as

20    expressly admitted, Defendants deny each and every allegation in Paragraph 75.

21    **FOURTH CAUSE OF ACTION**

22    76.    Answering Paragraph 76, Defendants hereby incorporate the admissions,

23    denials and allegations of Paragraphs 1 through 75 as if fully set forth herein.

24    77.    Paragraph 77 contains statements of law and not averments of fact for

25    which an answer is required.

26    78.    Defendants deny each and every allegation in Paragraph 78.

27    79.    Defendants deny each and every allegation in Paragraph 79.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)

## FIFTH CAUSE OF ACTION

80.   Answering Paragraph 80, Defendants hereby incorporate the admissions, denials and allegations of Paragraphs 1 through 79 as if fully set forth herein.

81.   Paragraph 81 contains statements of law and not averments of fact for which an answer is required.

82.   Paragraph 82 contains statements of law and not averments of fact for which an answer is required.

83.   Paragraph 83 contains statements of law and not averments of fact for which an answer is required.

84.   Paragraph 84 contains statements of law and not averments of fact for which an answer is required.

85.   Defendants deny each and every allegation in Paragraph 85.

86.   Answering Paragraph 86, Defendants admit that Plaintiffs and other Class members demand one (1) hour of premium pay for each workday in which a rest period was not provided for each four (4) hours of work during the period commencing on the date that is within four (4) years prior to the filing of this Complaint and one (1) hour of premium pay for each workday in which a meal period was not provided for each five (5) hours of work.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 86.

## SIXTH CAUSE OF ACTION

87.   Answering Paragraph 87, Defendants hereby incorporate the admissions, denials and allegations of Paragraphs 1 through 86 as if fully set forth herein.

88.   Defendants admit that Plaintiffs bring this lawsuit as a collective action under the Fair Labor and Standards Act, on behalf of (1) all persons who were employed by Marie Callender's in an Assistant Manager position during the period commencing June 16, 2006 and ending on July 26, 2009, and (2) all persons who were employed by Marie Callender's in a Kitchen Manager position during the period commencing August 16, 2006 through July 26, 2009.  Defendants understand these

Gibson, Dunn &
Crutcher LLP

Collective Classes to be limited to individuals employed in these positions, who performed work in excess of forty (40) hours in a workweek and did not receive additional overtime compensation.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 88.

89.    Defendants deny each and every allegation in Paragraph 89.

90.    Defendants deny each and every allegation in Paragraph 90.

91.    Defendants deny each and every allegation in Paragraph 91.

92.    Defendants admit the allegations in Paragraph 92.

93.    To the extent Paragraph 93 contains statements of law and not averments of fact, no answer is required.  Insofar as an answer is required, Defendants deny each and every allegation contained therein.

94.    To the extent Paragraph 94 contains statements of law and not averments of fact, no answer is required.  Insofar as an answer is required, Defendants admit that this Court has jurisdiction over the matter as currently alleged.

95.    Paragraph 95 contains statements of law and not averments of fact for which an answer is required.

96.    Paragraph 96 contains statements of law and not averments of fact for which an answer is required.

97.    Defendants deny each and every allegation in Paragraph 97.

98.    Defendants admit that Plaintiffs and other Collective Class members may have worked in excess of forty (40) hours in a workweek.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 98.

99.    Paragraph 99 contains statements of law and not averments of fact for which an answer is required.

100.   Defendants deny each and every the allegation in Paragraph 100.

101.   To the extent Paragraph 101 contains statements of law and not averments of fact, no answer is required.  Insofar as an answer is required, Defendants deny each and every allegation contained therein.

Gibson, Dunn &
Crutcher LLP

102.   To the extent Paragraph 102 contains statements of law and not averments of fact, no answer is required.  Insofar as an answer is required, Defendants deny each and every allegation contained therein.

103.   Answering Paragraph 103, Defendants admit that Plaintiffs and other Collective Class members may have worked more than forty (40) hours in a workweek.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 103.

104.   Answering Paragraph 104, Defendants admit that during the Collective Class periods, Marie Callender's did not pay Plaintiffs and other Collective Class members additional overtime compensation and allege that such individuals were classified as "exempt" and therefore not entitled to additional "overtime" pay.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 104.

105.   Answering Paragraph 105, Defendants admit that certain aspects of Marie Callender's employment practices are uniform throughout California and the United States.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 105.

106.   Defendants deny each and every allegation in Paragraph 106.

107.   Answering Paragraph 107, Defendants admit that Plaintiffs demand that they and the Collective Class members be paid overtime compensation for every hour of overtime worked in any workweek for which they were not compensated plus liquidated damages, interest and statutory costs.  Defendants deny that Plaintiffs and other Collective Class members are entitled to such recovery.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 107.

## SEVENTH CAUSE OF ACTION

108.   Answering Paragraph 108, Defendants hereby incorporate the admissions, denials and allegations of Paragraphs 1 through 107 as if fully set forth herein.

109.   Answering Paragraph 109, Defendants admit that Plaintiff Jamie Morse provided written notice to the Labor and Workforce Development Agency ("LWDA")

14

and Marie Callender's of alleged labor code violations and that the LWDA provided notice to Plaintiff Morse that it did not intend to investigate the alleged violations. Defendants further admit that Plaintiffs Kenneth Corsino, Ricardo Sanchez, Jeremy Sullivan, Benjamin Monroy, Scott Martin and Jorge Herrera provided written notice to the LWDA and Marie Callender's of alleged labor code violations and that the LWDA provided notice to those Plaintiffs that it did not intend to investigate the alleged violations. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 109.

110.   Answering Paragraph 110, Defendants admit that Plaintiffs seek recovery of civil penalties pursuant to the Labor Code Private Attorney General Act of 2004. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 110.

## PRAYER

111.   The remainder of Plaintiffs' Complaint contains a Prayer for Relief and not averments of fact for which an answer is required. Insofar as answer is deemed to be required, Defendants deny each and every allegation contained therein and further deny that Plaintiffs or any Class members are entitled to relief or damages in any amount whatsoever.

## SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses set forth below, Defendants are not agreeing or conceding that they have the burden of proof or burden of persuasion as to any of these issues. Furthermore, all such defenses are pled in the affirmative, and do not constitute an admission of liability or that Plaintiffs or any Class members are entitled to any relief whatsoever.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State A Claim)

1.   The Complaint, and each and every purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)

## SECOND SEPARATE AND ADDITIONAL DEFENSE
## (Statute of Limitations)

2.      The Complaint, and each and every purported cause of action in the Complaint, is barred in whole or in part by the applicable statutes of limitations, including without limitation Sections 337, 338(a), and 340(a) of the California Code of Civil Procedure, Section 203 of the California Labor Code, and Section 17208 of the California Business and Professions Code and 29 U.S.C. Section 255.

## THIRD SEPARATE AND ADDITIONAL DEFENSE
## (Failure to Plead with Certainty and Particularity)

3.      The allegations in each and every cause of action in the Complaint as well as the class definitions are not pleaded with sufficient particularity and are uncertain, vague, ambiguous, unintelligible, and unascertainable.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE
## (Exempt from Overtime)

4.      Each and every cause of action in the Complaint fails because Plaintiffs, and every person on whose behalf relief is sought, are and were at relevant times exempt executive and/or administrative employees under California law and/or the Fair Labor and Standards Act, and thus are not entitled to "overtime compensation" or premium pay for hours worked over 40 in any given workweek or 8 in any day.  To the extent  Plaintiffs or any person on whose behalf relief is sought were not spending more than 50% of their time performing exempt work or were not regularly and customarily exercising discretion and independent judgment, they are still exempt because they were not meeting the realistic expectations of Marie Callender's or the realistic requirements of the job.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)

1

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

2

## (Meal Breaks)

3   5.   The first, third, fourth, fifth and seventh causes of action in the

4   Complaint fail on the ground that Plaintiffs, and all persons on whose behalf relief is

5   sought, were provided with all legally-required meal period breaks.

6

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

7

## (Meal Breaks—Waiver/On Duty)

8   6.   The first, third, fourth, fifth and seventh causes of action in the

9   Complaint fail to the extent Plaintiffs, and all persons on whose behalf relief is sought,

10   waived any right to a meal break and/or worked an "on duty" meal period.

11

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

12

## (Rest Breaks)

13   7.   The first, third, fourth, fifth and seventh causes of action in the

14   Complaint fail on the ground that Plaintiffs, and all persons on whose behalf relief is

15   sought, were authorized and permitted to take all legally required rest breaks.

16

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

17

## (Waiting Time Penalties – No Willful Failure to Pay Wages)

18   8.   Plaintiffs, and every person on whose behalf relief is sought, are not

19   entitled to waiting time penalties under Section 203 of the Labor Code because any

20   alleged failure to pay wages due was not willful.

21

## NINTH SEPARATE AND ADDITIONAL DEFENSE

22

## (Timely Payment of Wages – Good Faith Dispute)

23   9.   The third cause of action is barred to the extent it alleges a failure to pay

24   timely all wages due because Marie Callender's timely paid all wages it conceded were

25   due.  There was a good faith dispute as to any allegedly unpaid wages.

26

27

28

## TENTH SEPARATE AND ADDITIONAL DEFENSE
## (Res Judicata and/or Collateral Estoppel)

10.     The first, second, third, fourth, fifth and seventh causes of action in the Complaint, are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel as to members of the putative classes to the extent their claims have been adjudicated in prior proceedings.  The sixth cause of action is barred by the doctrine of collateral estoppel to the extent that it is asserted on behalf of Assistant Managers of California restaurants.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (Settlement/Release)

11.     The Complaint, and each and every purported cause of action alleged in the Complaint against Defendants, is barred in whole or in part to the extent they have been settled, released, and/or are subject to an accord and satisfaction.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE
## (Standing)

12.     The first purported cause of action under Section 17200 et seq. of the California Business and Professions Code is barred to the extent that Plaintiffs lack standing and/or are not  "competent" Plaintiffs to bring this action "on behalf of injured persons." *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 138 (2000).

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (Due Process)

13.     Plaintiffs' Complaint, to the extent it seeks exemplary, double damages and penalties, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution, and under Article I, Section 7 of the Constitution of the State of California, and to substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and, therefore, fails to state a cause of action upon which exemplary, or double damages may be awarded.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Unconstitutional Excessive Fines)

14.     Plaintiffs' Complaint, to the extent it seeks exemplary, or double damages and penalties, violates Defendants' right to protection from "excessive fines" as provided in Article I, Section 17 of the Constitution of the State of California.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Laches)

15.     The Complaint, and each and every purported cause of action alleged in the Complaint, is barred in whole or in part by the doctrine of laches.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Waiver and Estoppel)

16.     The Complaint, and each and every purported cause of action alleged in the Complaint, is barred, in whole or in part, by the doctrines of estoppel or waiver.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Exhaust Remedies)

17.     The Complaint, and each and every purported cause of action alleged in the Complaint, is barred to the extent Plaintiffs, and any person on whose behalf relief is sought, failed to exhaust administrative and/or contractual remedies.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Improper Class Action/Improper Collective Action)

18.     The first, second, third, fourth, fifth and seventh causes of action may not be maintained as a class action and the sixth cause of action may not be maintained as a collective action because one or more of the requirements for a class action are not met.  The purported claims of the putative class representatives are not sufficiently typical of those of the purported classes, common issues of fact and law do not predominate over individual issues, damages and penalties cannot be proved on a class-wide basis, the purported class representatives and/or their counsel will not fairly and adequately represent the putative classes, any appropriately tailored classes would

Gibson, Dunn & Crutcher LLP

lack sufficient numerosity, and/or a class action is not a superior method for adjudicating the alleged claims in the Complaint.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Conduct Not "Unfair," "Unlawful," or "Fraudulent")

19.    The first purported cause of action under Section 17200 et seq. of the California Business and Professions Code is barred because Defendants' actions were not unfair, fraudulent nor likely to mislead, and their conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
### (Manageability)

20.    To the extent that the seventh cause of action is brought on a representative basis, it cannot be maintained as a representative action because it would be unmanageable.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Equitable Relief Improper, Adequate Remedy at Law)

21.    The Complaint, and each and every purported cause of action alleged in the Complaint, is barred to the extent Plaintiffs, and every person on whose behalf relief is sought, seek equitable relief because they have an adequate remedy at law.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Equitable Relief Improper, No Harm)

22.    Plaintiffs, and every person on whose behalf relief is sought, are not entitled to equitable relief to the extent they have not suffered harm and will not suffer any imminent and irreparable harm as a result of any actions or conduct by Defendants.

1

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

2

## (Equitable Relief Improper, Not Current Employees)

3      23.      Plaintiffs, and other non-current employees on whose behalf relief is

4   sought, lack standing to seek, and are otherwise not entitled to, equitable relief.

5

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

6

## (Improper Remedies)

7      24.      The first purported cause of action under Section 17200 et seq. of the

8   California Business and Professions Code is barred to the extent it alleges improper

9   remedies, including, without limitation, compensatory damages and disgorgement of

10  profits.

11

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

12

## (Binding Arbitration)

13     25.      Defendants are informed and believe that many of the putative class

14  members signed arbitration agreements that require them to arbitrate all disputes and

15  claims relating to their employment, including those alleged in the Complaint.

16

## PRAYER

17      WHEREFORE, Defendants pray as follows:

18      1.      That Plaintiffs and members of the purported classes take nothing by way

19  of the Complaint;

20      2.      That Plaintiffs' Complaint, and each purported claim for relief alleged

21  therein, be dismissed with prejudice;

22      3.      That Defendants be awarded their costs of suit, including reasonable

23  attorneys' fees; and

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)

4.      For such other and further relief as the Court may deem just and proper.

Dated:  September 1, 2010

GIBSON, DUNN & CRUTCHER LLP
WILLIAM D. CLASTER
MICHELE L. MARYOTT
HEATHER D. HEARNE


By:_____*s/Heather D. Hearne*_____
            Heather D. Hearne

Attorneys for Defendants
MARIE CALLENDER PIE SHOPS, INC. and
PERKINS & MARIE CALLENDER'S, INC.,
E-mail:  HHearne@gibsondunn.com

100919588_2.DOC

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)

Gibson, Dunn &
Crutcher LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2010, the attached document was electronically transmitted to the parties and e-mail addresses indicated below:

Kyle Nordrehaug
Norman B. Blumenthal
Aparajit Bhowmik
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037

kyle@bamlawlj.com
norm@bamlawlj.com
aj@bamlawlj.com
*Attorneys for Plaintiff*
*JAMIE MORSE*

Jonathan W. Biddle
Law Offices of Jonathan W. Biddle
One Wilshire Blvd., Suite 2200
Los Angeles, CA  90017

bidlaw@aol.com
*Attorneys for Plaintiffs KENNETH*
*CORSINO, RICARDO SANCHEZ,*
*JEREMY SULLIVAN, BENJAMIN*
*MONROY, SCOTT MARTIN, JORGE*
*HERRERA, ANDREA WALKER*

I further certify that copies of the foregoing were sent on September 1, 2010, via U.S. Mail or electronic mail to the following parties not registered on the CM/ECF:

Walter Haines
United Employees Law Group
65 Pine Ave. #312
Long Beach, CA  90802

*Attorneys for Plaintiff*
*JAMIE MORSE*

*VIA E-MAIL ONLY*

Emily R. Boyle
Law Offices of Jonathan W. Biddle
One Wilshire Blvd., Suite 2200
Los Angeles, CA  90017

*Attorneys for Plaintiffs KENNETH*
*CORSINO, RICARDO SANCHEZ,*
*JEREMY SULLIVAN, BENJAMIN*
*MONROY, SCOTT MARTIN, JORGE*
*HERRERA, ANDREA WALKER*

*VIA U.S. MAIL*

_____
Janet Travis

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS
AND COLLECTIVE ACTION COMPLAINT
Case No. 09cv1305 JLS (POR)