UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAMIE MORSE, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARIE CALLENDER PIE SHOP, INC., a Delaware corporation; DOES 1 to 10,<br><br>Defendant. | Civil No.  [09-cv-1305-JLS (POR)]<br>           [10-cv-692-JLS (POR)]<br><br>**ORDER GRANTING JOINT MOTION TO MODIFY CERTAIN DEADLINES SET FORTH IN THE MODIFIED SCHEDULING ORDER**<br><br>**[Document No. 45]** |
|---|---|

On November 16, 2010, the parties filed a Joint Motion to Modify Certain Deadlines Set Forth in the Modified Scheduling Order. Due to the fact several holiday dates fall between the time of the 30(b)(6) deposition and the deadline for Plaintiffs' expert report, the parties seek a two week extension of the following: (1) deadline for service of the parties' expert reports; (2) deadline for Defendant's opposition to the class certification motion; (3) Defendants' discovery cut-off regarding class certification issues; (4) Plaintiffs' class certification reply; and (5) the hearing on the class certification motion.

Good cause appearing, and after consultation with District Judge Sammartino, the Court's September 22, 2010 Modified Scheduling Order is modified as follows:

**Dates for Class Certification**

1.  The parties represent they have already exchanged class certification expert lists and rebuttal expert lists. Therefore, the Court will not set a deadline for filing these lists.

2. On or before ***January 24, 2011***, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure with regard to <u>class certification experts</u>. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony regarding <u>class certification</u>, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony regarding <u>class certification</u>.

3. Plaintiff shall file her motion for class certification on or before ***February 4, 2011***.

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence related to <u>class certification experts</u> under Rule 26(a)(2)(c)on or before ***February 7, 2011***.

5. Defendant shall file its opposition on or before ***March 18, 2011***.

6. Plaintiff shall file her reply on or before ***April 1, 2011***.

7. Plaintiff's motion shall be heard on ***April 22, 2011*** at ***3:00 p.m.*** in Courtroom 6, U.S. Courthouse, 940 Front Street, San Diego, CA, before the **Honorable Janis L. Sammartino**.

### Dates for Discovery and Other Pretrial Proceedings

1. Counsel represent they do not intend to amend the pleadings. Therefore, the Court will not set a deadline for amending the pleadings.

2. A Mandatory Settlement Conference shall be conducted on ***May 16, 2011***, at ***10:00 a.m.***, in the chambers of the Honorable Louisa S Porter. Counsel shall lodge settlement statements <u>directly</u> with the chambers of Judge Porter via email to efile_porter@casd.uscourts.gov on or before ***May 9, 2011***. Counsel shall exchange settlement statements. The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable. The settlement statements **shall not** be filed with the Clerk of the Court. If counsel wish to submit confidential information, they shall lodge a supplemental brief entitled "Court's Eyes Only."

All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. All conference discussions will be informal, off the record,

1 | privileged and confidential.

2 |       Mandatory settlement conferences shall not be rescheduled without a showing of good cause
3 | and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact
4 | the Court at least 10 days prior to the conference.  Absent exceptional circumstances, the Court will
5 | not reschedule this conference with less than 10 days notice.  <u>Only in extreme circumstances will the
6 | Court reschedule a mandatory settlement conference with less than 24 hours notice.</u>

7 |       3.     The parties shall designate their respective <u>non-class certification experts</u> in writing
8 | by ***<u>June 23, 2011</u>***.  The parties must identify <u>any</u> person who may be used at trial to present
9 | evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is <u>not</u> limited to
10 | retained experts.  The date for exchange of rebuttal <u>non-class certification experts</u> shall be on or
11 | before ***<u>July 6, 2011</u>***.  The written designations shall include the name, address and telephone number
12 | of the expert and a reasonable summary of the testimony the expert is expected to provide. The list
13 | shall also include the normal rates the expert charges for deposition and trial testimony.

14 |       4.     All <u>non-expert</u> discovery shall be completed on or before ***<u>July 11, 2011</u>***.  All <u>expert</u>
15 | discovery shall be completed on or before ***<u>September 5, 2011</u>***.  *"Completed"* means that all
16 | discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time
17 | in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account
18 | the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.  All
19 | disputes concerning discovery shall be brought to the attention of this Court no later than thirty days
20 | following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall
21 | meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule
22 | 26.1(a) before contacting the Court regarding discovery disputes.

23 |       5.     On or before ***<u>August 1, 2011</u>***, each party shall comply with the disclosure provisions
24 | in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure with regard to <u>non-class
25 | certification experts</u>.  This disclosure requirement applies to all persons retained or specially
26 | employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve
27 | the giving of expert testimony.

28 | //

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence related to <u>non-class certification experts</u> under Rule 26(a)(2)(c)on or before ***August 15, 2011***.

7. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

8. All motions, other than motions to amend or join parties, or motions in limine, shall be **<u>FILED</u>** on or before ***October 4, 2011***.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. <u>Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be</u> **up to two months**. Please plan accordingly.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who will hear the motion.

9. The parties shall file their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2), (3) and (4) and serve a copy on opposing counsel on or before ***January 5, 2012***.

10. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before ***January 5, 2012***. *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37*.

11. Counsel shall meet and confer regarding the preparation of the Pretrial Order, and take the action required by Local Rule 16.1(f)(5), on or before ***January 12, 2012***.

12. The final Pretrial Order, including objections any party has to any other parties' Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before

1  *January 26, 2012*, and shall be in the form prescribed in and in compliance with Local Rule
2  16.1(f)(6).  Counsel shall also bring a copy of the Pretrial Order for the Court to the Pretrial
3  Conference.
4         13.    The Pretrial Conference shall be held before the **Honorable Janis L. Sammartino**,
5  United States District Court Judge, on *February 2, 2012* at *1:30 p.m.*
6         14.    The dates and times set forth herein will not be further modified except for good
7  cause shown.
8         15.    Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case
9  hereafter.
10        **IT IS SO ORDERED.**
11 DATED:  December 2, 2010

                                    _____
13                                  LOUISA S PORTER
                                    United States Magistrate Judge

15 cc:       The Honorable Janis L. Sammartino
            all parties